IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

FILED: AUGUST 6, 2008
08CV4450
JUDGE KENNELLY
MAGISTRATE JUDGE NOLAN

| | |
|---|---|
| LORI BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | JFB |
| METROPOLITAN LIFE INSURANCE COMPANY, ) | |
| an insurance corporation, a/k/a MET LIFE, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL OF A CIVIL ACTION

Defendant, Metropolitan Life Insurance Company ("MetLife"), pursuant to 28 U.S.C. §§ 1441 and 1446, notifies this Court that this civil action has been removed from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. In support of said notice, MetLife states as follows:

1.  Upon information and belief, plaintiff Lori Brown ("Plaintiff") was an employee of Lehman Brothers, Inc.

2.  On or about July 9, 2008, Plaintiff filed in the Circuit Court of Cook County, Illinois, under Case No. 08 CH 24680, a Complaint against MetLife seeking long term disability benefits under the Lehman Brothers Holdings, Inc. Group Benefits Plan ("Plan"). The Plan is an employee welfare benefit plan within the meaning of § 3(1) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1041 ("ERISA"). MetLife is the Plan's insurer and claims fiduciary. A copy of the Summons and Complaint are attached hereto as Exhibits A and B, respectively. MetLife was served through the Illinois Department of Financial and Professional Regulation on July 9, 2008. MetLife received the Summons and Complaint by letter dated July 11, 2007 [sic].

3. This is a civil action in which the United States District Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

4. In the Complaint, Plaintiff challenges MetLife's determination concerning the payment of long term disability benefits to which Plaintiff is allegedly entitled under the terms of the Plan

5. Because the Complaint purports to state a cause of action relating to an employee welfare benefit plan that is governed by ERISA, the state court pleading arises under federal law.

6. ERISA preempts any state law claim in the Complaint and provides the exclusive remedy for resolution of benefits claims by employee welfare benefit plan participants and beneficiaries. *See* 29 U.S.C. § 1132(A)(1)(B); *see also Pilot Life Insurance Ins. Co. v. Dedeaux,* 481 U.S. 41, 52 (1987).

7. A cause of action filed in state court that is preempted by ERISA is removable to federal court under 28 U.S.C. § 1441(b) as an action arising under federal law even if the ERISA nature of the claim does not appear on the face of the Complaint. *See Aetna Health Inc. v. Davila,* 542 U.S. 200, 220 (2004); *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63-67 (1987). Under 28 U.S.C. § 1441(b) such a claim is also removable without regard to citizenship or residency of the parties.

8. MetLife is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at One MetLife Plaza, 27-01 Queens Plaza North, Long Island City, New York 11101.

9. Venue is proper in the Northern District of Illinois based on 28 U.S.C. § 1391(c) in that MetLife conducts business in the Northern District of Illinois.

10. MetLife states that this Notice of Removal of a Civil Action has been filed within

30 days after the receipt by it of a copy of the initial pleading and within 30 days after service upon it. MetLife also states that a copy of a Notice of Removal of a Civil Action will be filed in the Circuit Court of Cook County.

WHEREFORE, Metropolitan Life Insurance Company notifies this Court that this action has been removed from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

Dated: August 6, 2008                    Respectfully submitted,

                                 METROPOLITAN LIFE INSURANCE COMPANY

                                 By:       /s/ Steven P. Mandell
                                        One of its attorneys

Steven P. Mandell (ARDC #6183729)
Brendan A. Healey (ARDC #6243091)
MANDELL MENKES LLC
333 W. Wacker, Suite 300
Chicago, IL 60606
Tel: (312) 251-1000

171300v1

## CERTIFICATE OF SERVICE

  This is to certify that I have this date served a true and correct copy of the within and foregoing Defendant Metropolitan Life Insurance Company's **Notice of Removal of a Civil Action** by ECF to the following:

  Erwin Cohn
  Charles A. Cohn
  Cohn & Cohn
  77 West Washington Street, Suite 1422
  Chicago, IL 60602

This 6th of August, 2008.

                /s/ Steven P. Mandell

171300

```
FILED: AUGUST 6, 2008
08CV4450
JUDGE KENNELLY
MAGISTRATE JUDGE NOLAN

JFB
```

# EXHIBIT A

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served by Mail |
| 2420 - Served by Publication | 2421 - Served by Publication |
| SUMMONS | ALIAS - SUMMONS     (Rev. 5/1/92) CCG-1 |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

(Name all parties)
LORI BROWN,

     Plaintiff,
     V.
METROPOLITAN LIFE INSURANCE COMPANY,
an Insurance corporation, a/k/a MET
LIFE,
     Defendant.

RECEIVED
STATE OF ILLINOIS
JUL 0 9 2008
4 30 57
DEPT. OF INSURANCE
CHICAGO, ILLINOIS

No. 08CH24680

Serve defendant:
c/o Department of Insurance
100 W. Randolph, Suite 9-301
Chicago, IL

SUMMONS

To each defendant:

  YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room* 802 , Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

  This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

          WITNESS, _____ JUL 09 2008 , 2008
               DOROTHY BROWN
              CLERK OF CIRCUIT COURT
               Clerk of court

Name COHN & COHN
Attorney for Plaintiff
 Address 77 W. Washington Street
 City Chicago, IL 60602
 Telephone (312)346-9336
 Atty. No. 53186

Date of service: _____ , 2008
(To be inserted by officer on copy left with
defendant or other person)

**Service by Facsimile Transmission will be accepted at _____
             (A.C.)(Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

 *Law Division Room 801
 Chancery-Divorce Room 802
 County Division Room 801
 Probate Division Room 1202

```
FILED: AUGUST 6, 2008
08CV4450
JUDGE KENNELLY
MAGISTRATE JUDGE NOLAN

JFB
```

# EXHIBIT B

STATE OF ILLINOIS )
                  ) SS.
COUNTY OF C O O K )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

LORI BROWN, )
            )
    Plaintiff, )
            )                    NO.
vs.         )
            )
METROPOLITAN LIFE INSURANCE )
COMPANY, an Insurance corporation, a/k/a )
MET LIFE, )
            )
    Defendant. )

08CH24680

RECEIVED
STATE OF ILLINOIS
JUL 0 9 2008
DEPT. OF INSURANCE
CHICAGO, ILLINOIS

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

The plaintiff, LORI BROWN, by her attorneys, COHN & COHN, complaining of the defendant, METROPOLITAN LIFE INSURANCE COMPANY, an Insurance corporation, a/k/a MET LIFE, (hereinafter referred to as MET LIFE) states as follows:

### COUNT I-Declaratory Judgment

1. This is an action for Declaratory Judgment brought pursuant to the provisions of Section 2-701 of the Illinois Code of Civil Procedure.

2. The defendant, MET LIFE, is now and at all times herein mentioned was an insurance company licensed to do business in the State of Illinois.

3. On or about February 2005, the defendant issued a policy of long term disability insurance covering the plaintiff, Lori Brown, said policy bearing group policy number 104589. A copy of said certificate is in the possession of the defendant.

4. All premiums with regard to the above described policy of disability insurance have been paid in full up to and including the pertinent time period and the plaintiff has preformed all required conditions of the insurance policy.

5. The plaintiff, Lori Brown, was in 2005 under the care of Dr. Diane Solis of the Winter Family Practice, Dr. Kaplan, an optometrist, and Drs. Cody and Jaena Gonzaga, chiropractors. Plaintiff's physical problems included dry eye syndrome, stress related problems, two herniated discs

at levels L4-5 and L5-S1, and fibromyalgia. The herniated discs have been confirmed by MRI testing in April, 2005 and July, 2007.

6.　　At the request of the defendant, Met Life, the plaintiff's medical providers listed in paragraph 5 above did provide to Met Life all medical records related to the care and treatment of Lori Brown.

7.　　Met Life has falsely asserted that the plaintiff's doctors have failed to respond to their requests for updated medical information however, no request for information was ever sent by Met Life to plaintiff's treating doctors.

8.　　That all medical treatment rendered to Lori Brown has been determined by said doctors to be medically necessary and appropriate for the treatment of plaintiff's conditions. The said doctors have further determined that the treatment prescribed was safe and effective treatment for plaintiff's conditions, capable of reducing the risk of further pain and injury.

9.　　That all medical records forwarded to the defendant, Met Life, conclusively established that plaintiff was disabled and that the disabling condition was continuing.

10.　　Notwithstanding the foregoing, the defendant, Met Life, has refused payment of substantial sums for disability coverage as provided for under the terms of the policy. As a result of defendant's refusal to pay for the above described disability coverage, the plaintiff has been deprived of substantial income to which she was entitled.

11.　　The defendant has refused to provide disability coverage for the plaintiff despite the fact that the Insurance Policy covering the plaintiff expressly includes disability coverage and contains no exclusion which would preclude payment of disability coverage to the plaintiff.

12.　　The refusal of the defendant, Met Life, to pay long term disability benefets to the plaintiff pursuant to the terms of the above described group health insurance coverage is vexatious and unreasonable and the plaintiff is entitled to reasonable attorneys fees as provided by Section 155 of the Illinois Insurance Code (215 ILCS 5/155).

13. By reason of the foregoing, an actual controversy exists between the plaintiff and the defendant.

WHEREFORE, the plaintiff, LORI BROWN, requests that the court enter an order declaring that the plaintiff is entitled to receive from the defendant, Metropolitan Life Insurance Company, a/k/a Met Life, an insurance corporation, coverage for all long term disability benefits during the period she was disabled, pursuant to the terms of said disability insurance policy, including the payment of benefits accrued in an amount exceeding $50,000.00 and for such other and further relief as the Court deems just plus costs of this action.

## COUNT II-Declaratory Judgment

1-13. The plaintiff repeats and realleges paragraphs 1 through 13 of Count I of this Complaint as and for paragraphs 1-13 of this Count II as if the same were fully set forth hereunder.

14. The defendant, Met Life, after receipt of voluminous medical records and literature with regard to the plaintiff, Lori Brown, did agree to pay and did benefits under the above described group disability policy.

15. Subsequently, the defendant, Met Life, without any medical basis or reason refused to continue disability benefits to the plaintiff.

15. As a result of the conduct of the defendant in approving and paying for disability benefits, the defendant has expressly and/or impliedly waived any claim that plaintiff is no longer entitled to benefits as plaintiff's contidion has remained the same during all pertinent times.

WHEREFORE, the plaintiff, LORI BROWN, request that the court enter an order declaring that the plaintiff is entitled to receive from the defendant, Metropolitan Life Insurance Company, a/k/a Met Life, an insurance corporation, coverage for all long term disability benefits during the period she was disabled, pursuant to the terms of said disability insurance policy, including the payment of benefits accrued in an amount exceeding $50,000.00 and for such other and further relief as the Court deems just plus costs of this action.

## COUNT III – Breach of Contract

1-15. The plaintiff repeats and realleges paragraphs 2 through 16 of Count II of this Complaint as and for paragraphs 1-15 of this Count III as if the same were fully set forth hereunder.

16. As a direct and proximate result of the foregoing, the defendant, Met Life is in breach of the terms and covenants of the above described long term disability policy of insurance.

17. As direct and proximate result of the foregoing breach of the above described insurance contract by the defendant, Met Life, the plaintiff has sustained a loss of income which sum will continue to increase as long as plaintiff remains disabled

18. The refusal of the defendant, Met Life, to pay disability benefits pursuant to the terms of the above described disability insurance coverage is vexatious and unreasonable and the plaintiffs are entitled to reasonable attorneys fees as provided by Section 155 of the Illinois Insurance Code (215 ILCS 5/155).

WHEREFORE, the plaintiffs, Lori Brown, request that the court:

1. Enter judgment in favor of the plaintiff and against the defendant, Metropolitan Life Insurance Company, a/k/a Met Life, an insurance corporation, in a sum in excess of $ 50,000.00,

2. Enter an order compelling the defendant to specifically perform its obligation to pay long term disability,

3. Enter judgment against the defendant for reasonable attorneys fees as provided by Section 155 of the Illinois Insurance Code (215 ILCS 5/155).

COHN & COHN

BY: _____

Erwin Cohn
Charles A. Cohn
COHN & COHN
Attorneys for Plaintiffs
77 West Washington St., Suite 1422
Chicago, IL 60602
(312) 346-9336