**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LORI BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CV 04450 |
| | ) | |
| METROPOLITAN LIFE INSURANCE | ) | Judge Matthew F. Kennelly |
| COMPANY, an insurance corporation, | ) | |
| a/k/a METLIFE, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Metropolitan Life Insurance Company ("MetLife"), for its answer and affirmative defenses to the Complaint of Lori Brown, states as follows:

**COUNT I
Declaratory Judgment**

1. This is an action for Declaratory Judgment brought pursuant to the provisions of Section 2-701 of the Illinois Code of Civil Procedure.

**ANSWER:** MetLife denies that plaintiff's action for Declaratory Judgment is governed by Section 2-701 of the Illinois Code of Civil Procedure in that plaintiff's claims are based upon the Employee Retirement Income Security Act of 1974 (ERISA). MetLife denies the remaining allegations of Paragraph 1 of the Complaint, including any inference that Plaintiff is entitled to long-term disability ("LTD") benefits.

2. The defendant, MetLife, is now and at all times herein mentioned was an insurance company licensed to do business in the State of Illinois.

**ANSWER:** MetLife admits that it is a corporation organized and existing under the laws of the State of New York, and that it is duly authorized to conduct business in the State of Illinois.

3. On or about February 2005, the defendant issued a policy of long term disability insurance covering the plaintiff, Lori Brown, said policy bearing group policy number 104589. A copy of said certificate is in the possession of the defendant.

**ANSWER:** MetLife admits only that it issued a group long term disability insurance policy to fund the Lehman Brothers Holdings Inc. Group Benefits Plan (the "Plan"), that plaintiff was a Plan participant through August 11, 2006, her last date of work at Lehman Brothers, Inc. ("Lehman"), and that MetLife is in possession of a copy of the certificate of insurance associated with the Plan. Except as so answered herein, MetLife denies the remaining allegations of Paragraph 3 of the Complaint.

4. All premiums with regard to the above described policy of disability insurance have been paid in full up to and including the pertinent time period and the plaintiff has performed all required conditions of the insurance policy.

**ANSWER:** MetLife admits only that all required Plan premiums have been paid on plaintiff's behalf. Except as so answered herein, MetLife denies the remaining allegations of Paragraph 4 of the Complaint.

5. The plaintiff, Lori Brown, was in 2005 under the care of Dr. Diane Solis of the Winter Family Practice, Dr. Kaplan, an optometrist, and Drs. Cody and Jaena Gonzaga, chiropractors. Plaintiff's physical problems included dry eye syndrome, stress related problems, two herniated discs at levels L4-5 and L5-SI, and fibromyalgia. The herniated discs have been confirmed by MRI testing in April, 2005 and July, 2007.

**ANSWER:** MetLife denies the characterization of her medical ailments as alleged in Paragraph 5 of the Complaint, and admits only that plaintiff was diagnosed with dry eyes and a herniated disc at L4-L5. Except as so answered herein, MetLife denies the remaining allegations of Paragraph 5 of the Complaint.

6. At the request of the defendant, MetLife, the plaintiff's medical providers listed in paragraph 5 above did provide to MetLife all medical records related to the care and treatment of Lori Brown.

**ANSWER:** MetLife admits that it received medical records from Diana L. Solis, M.D. of the Winter's Family Practice; Abe Kaplan, M.D. of Ophthalmology Associates, Ltd.; Michael Cody, D.C. of Cody Chiropractic: A Creating Wellness Center and Dr. Jaena Stanley-Gonzaga of Simple Balance Holistic Center related to plaintiff's care and treatment. Except as so answered herein, MetLife denies the remaining allegations of Paragraph 6 of the Complaint.

7. MetLife has falsely asserted that the plaintiff's doctors have failed to respond to their requests for updated medical information however, no request for information was ever sent by MetLife to plaintiff's treating doctors.

**ANSWER:** MetLife denies the allegations of Paragraph 7 of the Complaint.

8. That all medical treatment rendered to Lori Brown has been determined by said doctors to be medically necessary and appropriate for the treatment of plaintiffs conditions. The said doctors have further determined that the treatment prescribed was safe and effective treatment for plaintiff's conditions, capable of reducing the risk of further pain and injury.

**ANSWER:** MetLife denies the allegations of Paragraph 8 of the Complaint.

9. That all medical records forwarded to the defendant, MetLife, conclusively established that plaintiff was disabled and that the disabling condition was continuing.

**ANSWER:** MetLife denies the allegations of Paragraph 9 of the Complaint.

10. Notwithstanding the foregoing, the defendant, MetLife, has refused payment of substantial sums for disability coverage as provided for under the terms of the policy. As a result of defendant's refusal to pay for the above described disability coverage, the plaintiff has been deprived of substantial income to which she was entitled.

**ANSWER:** MetLife denies the allegations of Paragraph 10 of the Complaint.

11. The defendant has refused to provide disability coverage for the plaintiff despite the fact that the Insurance Policy covering the plaintiff expressly includes disability coverage and contains no exclusion which would preclude payment of disability coverage to the plaintiff.

**ANSWER:** MetLife denies the allegations of Paragraph 11 of the Complaint.

12. The refusal of the defendant, MetLife, to pay long term disability benefits to the plaintiff pursuant to the terms of the above described group health insurance coverage is

vexatious and unreasonable and the plaintiff is entitled to reasonable attorneys fees as provided by Section 155 of the Illinois Insurance Code (215 ILCS 5/155).

**ANSWER:** MetLife denies the allegations of Paragraph 12 of the Complaint.

13. By reason of the foregoing, an actual controversy exists between the plaintiff and the defendant.

**ANSWER:** MetLife admits only that an actual controversy exists between plaintiff and MetLife regarding plaintiff's eligibility for long term disability benefits under the Plan. MetLife denies the remaining allegations contained in Paragraph 13 of the Complaint.

## COUNT II
## Declaratory Judgment

1-13. The plaintiff repeats and realleges paragraphs 1 through 13 of Count I of this Complaint as and for paragraphs 1-13 of this Count II as if the same were fully set forth hereunder.

**ANSWER:** MetLife repeats and realleges its answers to Paragraphs 1-13 of the Complaint, as though fully set forth herein.

14. The defendant, MetLife, after receipt of voluminous medical records and literature with regard to the plaintiff, Lori Brown, did agree to pay and did benefits under the above described group disability policy.

**ANSWER:** MetLife admits only that it paid plaintiff LTD benefits under the Plan from February 10, 2007 through October 11, 2007. Except as so answered herein, MetLife denies the remaining allegations of Paragraph 14 of the Complaint.

15. Subsequently, the defendant, MetLife, without any medical basis or reason refused to continue disability benefits to the plaintiff.

**ANSWER:** MetLife denies the allegations of Paragraph 15 of the Complaint.

16. As a result of the conduct of the defendant in approving and paying for disability benefits, the defendant has expressly and/or impliedly waived any claim that plaintiff is no longer entitled to benefits as plaintiff's condition has remained the same during all pertinent times.

**ANSWER:** MetLife denies the allegations of Paragraph 16 of the Complaint.

## COUNT III
## Breach of Contract

1-16.    The plaintiff repeats and realleges paragraphs 2 through 16 of Count II of this Complaint as and for paragraphs 1-16 of this Count III as if the same were fully set forth hereunder.

**ANSWER:** MetLife repeats and realleges its answers to Paragraph 1-16 of the Complaint, as though fully set forth herein.

17.    As a direct and proximate result of the foregoing, the defendant, MetLife is in breach of the terms and covenants of the above described long term disability policy of insurance.

**ANSWER:**  MetLife denies the allegations of Paragraph 17 of the Complaint.

18.    As direct and proximate result of the foregoing breach of the above described insurance contract by the defendant, MetLife, the plaintiff has sustained a loss of income which sum will continue to increase as long as plaintiff remains disabled.

**ANSWER:**  MetLife denies the allegations of Paragraph 18 of the Complaint.

19.    The refusal of the defendant, MetLife, to pay disability benefits pursuant to the terms of the above described disability insurance coverage is vexatious and unreasonable and the plaintiffs are entitled to reasonable attorneys fees as provided by Section 155 of the Illinois Insurance Code (215 ILCS 5/155).

**ANSWER:**  MetLife denies the allegations of Paragraph 19 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief can be granted in that plaintiff is not eligible for continuing LTD benefits because her submitted medical documentation does not support a finding of disability, as defined in the Plan, beyond October 11, 2007.

### Second Affirmative Defense

Plaintiff's complaint purports to seek continued LTD benefits pursuant to an employee welfare benefit plan governed by ERISA. To the extent, if any, that Plaintiff's complaint can be

construed as asserting any other claims, including claims under state law, Plaintiff's claims are preempted and otherwise barred by the applicable provisions of ERISA and binding precedent. 29 U.S.C. § 1132(a)(1)(B) and 1144.

### Third Affirmative Defense

Plaintiff's remedies for any alleged act or omission are limited solely to those offered by ERISA as plaintiff's claims arise under the Plan. Under ERISA, Plaintiff is not entitled to seek compensatory, punitive, or other extra-contractual damages.

### Fourth Affirmative Defense

To the extent, if any, that Plaintiff's allegations can be construed as asserting a claim for breach of fiduciary duty under 29 U.S.C. § 1132 (a)(3), Plaintiff cannot sustain such a claim because an adequate remedy exists for a claim for Plan benefits under 29 U.S.C. § 1132 (a)(1)(B). *See Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996).

### Fifth Affirmative Defense

The determinations by Defendant regarding Plaintiff's claim for benefits were not arbitrary and capricious, but rather were reasonable based on the evidence submitted by Plaintiff and comprising the claim file, and were made in good faith, in accordance with the terms of the Plan and applicable law.

### Sixth Affirmative Defense

All determinations made by Defendant with respect to Plaintiff's claim for benefits were made in the interest of all Plan participants and beneficiaries and in accordance with the terms and conditions of the Plan documents.

### Seventh Affirmative Defense

Defendant affirmatively alleges that any liability of Defendant is subject to the terms, conditions, limitations, endorsements, exclusions and effective dates of the documents and instruments governing the Plan.

### Eighth Affirmative Defense

MetLife asserts that, to the extent Plaintiff is entitled to recover any benefits under the Plan, which MetLife denies, MetLife is entitled an offset for any additional other income benefits that should be taken into account in calculating her long-term disability benefits, including but not limited to, any benefits she has received from the Social Security Administration and Worker's Compensation.

### Ninth Affirmative Defense

To the extent (and without admitting that) Plaintiff is entitled to benefits at this time, such immediate entitlement does not mean that Plaintiff has an entitlement to unlimited future benefits given, *inter alia*, the possibility for future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different Plan requirements, exclusions, or limitations.

### Tenth Affirmative Defense

The Plan expressly grants the Plan's administrator and fiduciaries, including MetLife, discretionary authority to interpret the terms of the plan and to determine eligibility for Plan benefits. Any interpretation or determination made pursuant to such discretionary authority must be given full force and effect unless it can be shown that the interpretation or determination was arbitrary and capricious. Because all determination made with respect to plaintiff's claim for

disability benefits under the Plan were reasonable and not arbitrary and capricious, determination of plaintiff's benefits under the Plan must be upheld.

### Eleventh Affirmative Defense

Plaintiff is not entitled to recovery, because, among other things, she has failed to comply with her burden under the terms of the Plan to submit sufficient medical evidence demonstrating a continuing disability, as defined by the Plan.

### Twelfth Affirmative Defense

If the Court determines that the claim fiduciary materially erred in administering Plaintiff's claim for benefits under the terms of the Plan or applicable law, which is denied, the Court should remand the claim to the claim fiduciary for further administrative processing in accordance with such determination before reaching any judicial decision as to Plaintiff's entitlement to benefits.

### Thirteenth Affirmative Defense

Plaintiff has been paid benefits in accordance with the written terms of the Plan.

### Fourteenth Affirmative Defense

MetLife reserves the right to add any additional defenses discovered in the course of this litigation.

Dated:   September 5, 2008                           Respectfully submitted,

                                                     METROPOLITAN LIFE INSURANCE
                                                     COMPANY


                                                     By:   /s/ Natalie A. Harris
                                                            One of Its Attorneys


Steven P. Mandell
Natalie A. Harris

8

Mandell Menkes LLC
333 West Wacker Drive, Suite 300
Chicago, Illinois 60606
(312) 251-1000
171839

9

## **CERTIFICATE OF SERVICE**

      This is to certify that I have this date served a true and correct copy of the within and foregoing Defendant Metropolitan Life Insurance Company's **Answer and Affirmative Defenses to Plantiff's Complaint** by CM/ECF to the following:

      Erwin Cohn
      Charles A. Cohn
      Cohn & Cohn
      77 West Washington Street, Suite 1422
      Chicago, IL 60602

This 5th of September, 2008.

                                                                /s/ Natalie A. Harris